# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| MARLOS LEKEITH TIPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-01162-SHM-tmp |
| | ) | |
| HENDERSON COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## ORDER DENYING MOTION FOR FUNDS FOR CIVIL LEGAL REPRESENTATION

On August 12, 2022, Plaintiff Marlos LeKeith Tipton, an inmate at the Henderson County Jail in Lexington, Tennessee, filed a *pro se* Motion for Funds for Civil Legal Representation. (ECF No. 4.) Plaintiff seeks appointment of counsel pursuant to Tenn. Code Ann. §§ 16-3-808 and 821 and "any other means for [an] indigent civil plaintiff. (*See id.* at PageID 8.) Plaintiff's motion does not merit the relief he seeks.

Plaintiff has cited to Tennessee Code sections addressing funds for civil legal representation of indigents in support of his request for counsel. *See* Tenn. Code Ann. §§ 16-3-808 & 16-3-821. However, the Tennessee Code is not applicable in these federal proceedings.

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir.

1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id.*

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *see Lavado*, 992 F.2d at 60405. A court generally will appoint counsel only in "exceptional circumstances." *Id.* at 60506; *accord Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). To determine whether a case meets this standard, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether exceptional circumstances exist] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").

After considering Plaintiff's motion for appointment of counsel, including the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim, counsel is not necessary at this time to ensure Plaintiff's claims are fairly heard. *See Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The issues in this case are not complex, and the complaint's assertions do not demonstrate exceptional circumstances warranting appointment of counsel at this time. *See Kennedy v. Doyle*, 37 F. App'x 755, 757 (6th Cir. 2002). That Plaintiff has no formal legal education is not an exceptional circumstance that warrants the appointment of counsel in a civil case. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605–06).

Plaintiff has filed grievances in the administrative process and stated the facts related to his claim under the Prison Rape Elimination Act of 2003 with clarity in the complaint. (*See* ECF No. 1 at PageID 1–3.) It appears that Plaintiff can prosecute his claims from prison. Like all prisoners proceeding *pro se* before the Court, Plaintiff must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. The Court cannot act as counsel for Plaintiff. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants).

Plaintiff's motion (ECF No. 3) does not demonstrate exceptional circumstances warranting appointment of counsel. The motion is DENIED, subject to Plaintiff's right to re-file an application for counsel if the case proceeds.

IT IS SO ORDERED this 14th day of December, 2022.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE