UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARLOS LeKEITH TIPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 22-1162-SHM-tmp |
| ) | |
| HENDERSON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER MODIFYING THE DOCKET;
GRANTING TIPTON'S MOTION TO AMEND (ECF NO. 9);
DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1 & 9) WITHOUT PREJUDICE;
GRANTING LEAVE TO AMEND;
DENYING MOTION FOR PROTECTIVE ORDER & TO FILE CHARGES (ECF NO. 7) WITH PREJUDICE;
DENYING MOTIONS FOR UPDATE, SUMMONS, SERVICE OF PROCESS, AND A SCHEDULING ORDER (ECF NOS. 15, 17 & 18) WITHOUT PREJUDICE;
AND DIRECTING TIPTON TO PROVIDE HIS UPDATED ADDRESS TO THE COURT**

On August 1, 2022, Plaintiff Marlos LeKeith Tipton filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) When Tipton filed the complaint, he was confined at the Henderson County Jail (the "HCJ"), in Lexington, Tennessee. (ECF No. 1-1 at PageID 4.) On September 8, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 8 (the "IFP Order").) The IFP Order notified Tipton that "[i]f [Tipton] is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. … If [Tipton] fails to abide by these or any other requirements of this Order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court." (*Id*. at PageID 42.)

On September 8, 2022, Tipton filed a motion: (1) for "a protective order against Henderson County Jail and Correctional Officer Corey 628 pursuant to T.C.A. §§ 4-5-308, 4-5-311, 39-13-101(a)(1), and 39-13-101(a)(2)"; and (2) "to file charges." (ECF No. 7 (the "Motion For Protective Order And Charges").)

On September 19, 2022, Tipton filed a motion to amend the complaint to: (1) supplement the initial complaint's factual allegations; and (2) add five (5) Defendants. (ECF No. 9 (the "Motion To Amend").) The Motion To Amend (ECF No. 9) is GRANTED. For purposes of screening Tipton's claims under § 1983 pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"), the Court CONSOLIDATES the complaint (ECF No. 1) and the Motion To Amend (ECF No. 9) as the "Consolidated Complaint."

The Clerk is directed to MODIFY the docket to add five (5) Defendants: (1) Officer Ryan; (2) Officer Dillion; (3) Sergeant LeAnn; (4) Sergeant Lovins; and (5) Officer Grimes. (*See* ECF No. 9 at PageID 46.)

On December 29, 2022, Tipton filed a motion for "an update, for service of process, and for a scheduling order." (ECF No. 15.) On March 8, 2023, Tipton filed another motion for "an update, for service of process, and for a scheduling order." (ECF No. 17.) On April 21, 2023, Tipton filed another motion for "an update, for service of process, and for a scheduling order." (ECF No. 18) (Tipton's December 29, 2022, March 8, 2023, and April 21, 2023 motions are collectively referred to as the "Motions For Update, Service, And Scheduling Order").)

The Consolidated Complaint (ECF Nos. 1 & 9), the Motion For Protective Order And Charges (ECF No. 7), and the Motions For Update, Service, And Scheduling Order (ECF Nos. 15, 17 & 18) are before the Court.

For the reasons explained below: (1) the Consolidated Complaint (ECF Nos. 1 & 9) is DISMISSED WITHOUT PREJUDICE; (2) leave to amend is GRANTED; (3) the Motion For Protective Order And Charges (ECF No. 7) is DENIED WITH PREJUDICE; and (5) the Motions For Update, Service, And Scheduling Order  (ECF Nos. 15, 17 & 18) are DENIED WITHOUT PREJUDICE.

## I.   THE CONSOLIDATED COMPLAINT

### A.   THE CONSOLIDATED COMPLAINT'S FACTUAL ALLEGATIONS

#### 1.   Tipton's General Allegations

Tipton alleges generally that "in [the HCJ], you have no rights and cannot be your own attorney at this jail."  (ECF No. 9 at PageID 44.)  Tipton alleges that, during his confinement at the HCJ, "there has been a continuing pattern of disregard of my constitutional and civil rights to represent myself free from threats and intimidation[,] [including] sexual harassment by correctional staff, physical and verbal attacks, orchestrated correctional staff assault from inmate white racist group[s] … intimidation, retaliation, harassment, threats of assaults, [and] deprivation."  (*Id*. at PageID 45.)

#### 2.   The Initial Complaint

The initial complaint alleges specific facts in support of Tipton's general allegations.  The initial complaint alleges that "the jail staff" at the HCJ retaliated against Tipton "by threatening to lock [Tipton] down, stop[ping] [Tipton] from filing grievances on the jail system, lock[ing] [Tipton] out of the inmate telephone system to keep [Tipton] from making calls to the outside … [and] lock[ing] my [inmate] account so no one could put money on my account."  (ECF No. 1 at PageID 2.)  Tipton alleges that the "jail staff" retaliated against Tipton because he:

> (1) filed sixteen (16) grievances between July 12, 2022 through July 16, 2022, which "all went unanswered";

3

>(2) had a verbal altercation on July 22, 2022 with Correctional Officer Jordan, when Jordan "just st[oo]d and st[a]r[ed] at [Tipton] in the inmate shower" (the "Shower Incident"); and
>
>(3) filed three "PREA [Prison Rape Elimination Act] grievances" about the Shower Incident.

(*Id*. at PageID 2-3.)

### 3. The Motion To Amend

The Motion To Amend alleges additional facts in support of Tipton's general allegations. The Motion To Amend alleges that, after Tipton filed the initial complaint:

>(1) Defendant Correctional Officer Corey sent an inmate to assault Tipton;
>
>(2) Defendant Correctional Officer Tracy placed Tipton in lockdown and deprived Tipton of recreation;
>
>(3) Defendant Correctional Officer Christy Cotton listened to a phone call that Tipton made to his mother "about getting me a lawyer." Cotton then "threaten[ed] [Tipton] with bodily harm", threatened him with "being kept on [lockdown]", and deprived Tipton of recreation;
>
>(4) At Sergeant LeAnn's directive, Officer Ryan deprived Tipton of recreation; and
>
>(5) Sergeant LeAnn denied recreation to Tipton unless "the [inmate services] kiosk and phones [we]re off."

(ECF No. 9 at PageID 43-45.) Tipton alleges that he was permitted to exit lockdown "only when there [wa]s no access to the law library or to the inmate telephone system." (*Id*. at PageID 45.)

The Consolidated Complaint sues: (1) the Henderson County Sheriff's Department (the "HCSD"); (2) the Henderson County Sheriff (the "Sheriff"); (3) Correctional Officer Jordan (Last Name Unknown); (4) Correctional Officer Michelle (Last Name Unknown); (5) Sheriff Deputy Jr. Howard; (6) Sheriff Deputy Captain Jeff Smith; (7) Grievance Chairperson; (8) the City of Lexington, Tennessee; (9) the City of Henderson, Tennessee; (10) Correctional Officer Christy Cotton; (11) Correctional Officer Tracy (Last Name Unknown); (12) Correctional Officer Corey

4

(Last Name Unknown); (13) Correctional Officer Tyler (Last Name Unknown); (14) Correctional Officer Austin (Last Name Unknown); (15) Correctional Officer Ryan; (16) Correctional Officer Dillion; (17) Sergeant LeAnn; (18) Sergeant Lovins; and (19) Officer Grimes. (ECF No. 1 at PageID 1; ECF No. 9 at PageID 46.)

Tipton seeks two (2) forms of injunctive relief: (1) a "protection order" against HCJ staff; and (2) "to file charges" against members of the HCJ staff. (ECF No. 1 at PageID 1.)

### B. LEGAL STANDARD FOR SCREENING THE CONSOLIDATED COMPLAINT

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual

5

allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

C. **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Tipton sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

D. **ANALYSIS**

The Consolidated Complaint seeks only injunctive relief. (ECF No. 1 at PageID 1.)

Tipton is no longer confined at the HCJ. (*See* ECF No. 17-1 at PageID 75 (motion filed by Tipton on March 8, 2023, while he was confined at the HCJ); ECF No. 18-1 at PageID 77 (motion filed by Tipton on April 21, 2023, while he was confined at the Bledsoe County Correctional Complex (the "BCCX"), in Pikeville, Tennessee); and ECF No. 19-1 at PageID 79 (letter filed by Tipton on April 26, 2023, while he was confined at the BCCX).)

The Consolidated Complaint's claims are moot.

"[A] prisoner plaintiff's release from custody generally renders requests for injunctive relief regarding his former confinement moot." *Davis v. Parker*, No. 1:17-cv-0082, 2018 WL 2189751, at *2 (M.D. Tenn. Apr. 17, 2018) (citing *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)). "Any [injunctive] relief [that] could have been granted" in the case is moot because Tipton is no longer confined at the HCJ. *See Quinn v. W. Mental Health Institute*, No. 14-1140, 2015 WL 541980, at *3 (W.D. Tenn. Feb. 10, 2015). Tipton's release from the HCJ, *see* ECF No. 18-1 at PageID 77 and ECF No. 19-1 at PageID 79, has "eradicated the effects of the alleged [constitutional] violation." *Quinn*, 2015 WL 541980, at *3.

"Furthermore, there is no reasonable expectation that the alleged [constitutional] violation will recur", *see id.*, because Tipton is no longer at the HCJ. "Under these circumstances, there is no basis for the [C]ourt to provide [Tipton] with injunctive relief." *See Quinn*, 2015 WL 541980, at *3; *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief related to his conditions of confinement were moot when he was no longer confined at that institution); *Penland v. Warren Cnty. Jail*, 759 F.2d 524, 526 n. 1 (6th Cir. 1985) (when plaintiffs sought injunctive relief related to their confinement at a county jail, their release rendered their claims moot); *J.P. v. Taft*, 439 F. Supp. 2d 793, 813 (S.D. Ohio 2006) (released inmate cannot be awarded injunctive relief related to his conditions of confinement because "he cannot establish that there is a reasonable likelihood that the allegedly wrongful acts will recur as to him", which renders his claims moot).

Further, absent extraordinary and urgently compelling reasons, District Courts do not intervene in the day-to-day operations of state correctional facilities. Given that Tipton is no longer

confined at the HCJ, he has not demonstrated extraordinary and urgently compelling reasons for the Court to award injunctive relief.

For the reasons explained above, the Consolidated Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief can be granted.

### E. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend, under the conditions set forth below.

### II.   THE MOTION FOR PROTECTIVE ORDER AND CHARGES

Tipton's Motion For Protective Order And Charges seeks to file criminal charges against HCJ Correctional Officer Corey and HCJ inmate Christian Darling for alleged assault of Tipton. (ECF No. 7 at PageID 36-37.)

To the extent the Motion For Protective Order And Charges seeks the same relief as the Consolidated Complaint seeks, the Motion For Protective Order And Charges is DENIED for the reasons explained in Section I.E., *supra*.

Further, to the extent the Motion For Protective Order And Charges seeks prosecution of criminal charges against Corey and Darling for criminal assault, Tipton's attempt is not well taken. The initiation and prosecution of criminal charges against private persons are within the province of federal or state prosecutors, not this Court. For that reason, the Motion For Protective Order And Charges (ECF No. 7) is DENIED WITH PREJUDICE.

## III. THE MOTIONS FOR UPDATE, SERVICE, AND SCHEDULING ORDER

To the extent the Motions For Update, Summons, Service, And Scheduling Order seek an "update" about Tipton's case, the Motions (ECF Nos. 15, 17 & 18) are DENIED as moot. The instant Order provides Tipton the status of the case.

To the extent the Motions For Update, Summons, Service, And Scheduling Order seek summons and service of the Consolidated Complaint on the Defendants, the Motions (ECF Nos. 15, 17 & 18) are DENIED WITH PREJUDICE. The instant Order dismisses the Consolidated Complaint without prejudice.

To the extent the Motions For Update, Summons, Service, And Scheduling Order seek a scheduling order, the Motions (ECF Nos. 15, 17 & 18) are DENIED WITHOUT PREJUDICE, subject to Tipton's right to re-file a motion seeking a scheduling order if the case proceeds.

## IV. CONCLUSION

For the reasons explained above:

A.   The Motion To Amend (ECF No. 9) is GRANTED.

B.   The Consolidated Complaint (ECF Nos. 1 & 9) is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

C.   Leave to amend the Consolidated Complaint is GRANTED. An amended pleading must be filed within twenty-day (21) days of the date of entry of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Tipton's claims. An amended pleading supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings. Tipton must sign the amended pleading, and the text of the amended pleading must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended pleading and must be attached to the amended pleading. All claims alleged in an amended pleading must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Tipton fails to file an amended pleading within the time specified, the Court will dismiss the Consolidated Complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

D.   The record demonstrates that Tipton is no longer confined at the HCJ. (*See* ECF No. 18-1 at PageID 77; ECF No. 19-1 at PageID 79.) Tipton is ORDERED to notify the Court in writing, within twenty-one (21) days of the date of entry of this Order, of Tipton's present address. If Tipton fails to abide by this or any other provisions of this Order, the Court may impose

appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.  (*See also* ECF No. 8 at PageID 42 (IFP Order requiring Tipton to notify the Court if Tipton is transferred to a different prison or released).)

    IT IS SO ORDERED this 26th day of May, 2023.

                                                  /s/ *Samuel H. Mays, Jr.*
                                                  SAMUEL H. MAYS, JR.
                                                  UNITED STATES DISTRICT JUDGE